## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**METHODS RESEARCH, INC.,**

     **Plaintiff,**

     **v.**

**OTTAWA BANCSHARES, et al.,**

     **Defendants.**

**Case No. 23-2136-JAR-BGS**

## MEMORANDUM AND ORDER

Plaintiff Methods Research, Inc. ("MRI") sued Defendants Ottawa Bancshares, Inc., First Bank Kansas, First Kansas Bank, Lyon County State Bank, and Commercial Bank for failing to pay a fee owed to it under a services contract. Following a protracted discovery dispute, Plaintiff moved for discovery sanctions against Defendants. Magistrate Judge Severson denied sanctions.[1] Plaintiff then moved this Court to review that order, and the Court denied that motion.[2] Several weeks later, Plaintiff "renewed" its previous motion for sanctions.[3] Judge Severson denied that motion, too.[4] And now, Plaintiff has filed a "Motion to Review Magistrate Judge's Order Denying Renewed Motion for Sanctions" (Doc. 128). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the motion is denied.

---

[1] Doc. 96.

[2] Doc. 113.

[3] Doc. 117.

[4] Doc. 127.

## I.  Background

The facts of this case and discovery dispute have been summarized several times.[5]  The Court will not needlessly retread familiar ground here; it includes only those facts necessary for resolving this motion.

Plaintiff says that Defendants owe it money; Defendants deny that.  Several years ago, Defendants hired Plaintiff as an IT consultant, and they agreed that in exchange for those services, Defendants would pay two fees: (1) a flat fee of $1,000,000 and (2) a variable fee, calculated as 50% of the savings (i.e., the combination of cost reductions and revenue enhancements) attributable to Plaintiff's recommendations.  Defendants paid the flat fee but have not paid the variable fee because, they say, there is nothing to pay: Defendants calculate the fee at $0.  The parties must use Defendants' invoices to ascertain the amount of Defendants' savings, which in turn is used to calculate the variable fee amount.  The invoices, then, form an essential part of this dispute because they are used to calculate the variable-fee amount.

In November, Plaintiff moved for discovery sanctions against Defendants because they had failed to produce certain invoices.  Judge Severson denied that motion.  Though recognizing that Defendants "fail[ed] to produce all of the requested documents in a timely manner," Judge Severson concluded that the "extreme remedies sought by Plaintiff [were] unwarranted."[6]  Still, Judge Severson crafted a remedy to cure whatever prejudice Plaintiff had suffered from the late disclosures.  She reopened discovery "for the limited purpose" of Defendants' "producing a witness for a Rule 30(b)(6) deposition regarding the additional invoices."[7]  Plaintiff moved this

---

[5] Judge Severson's order ably recounts the facts of this dispute.  *See generally* Doc. 127.

[6] Doc. 96 at 20, 23.

[7] *Id.* at 23.

Court to review Judge Severson's order, and this Court concluded that Judge Severson's February Order was neither clearly erroneous nor contrary to law.

Discovery being reopened, Plaintiff deposed Angie Eilrich, Defendants' Rule 30(b)(6) witness. Eilrich testified that she had not requested all invoices at issue from various third-party vendors. For example, she testified that she had not contacted vendors DCI or Jack Henry to request relevant invoices.[8] She likewise had not requested invoices from Visa[9] and Mastercard.[10] Following that deposition, Plaintiff sought to "renew" its previous motion for sanctions. It explained that Eilrich's testimony demonstrated that Defendants had improperly withheld invoices in its control that should have been produced.

Judge Severson denied that motion. She explained that Plaintiff had shown no basis to reconsider her previous sanctions order, and that even if Plaintiff had made that showing, Plaintiff still failed to show that the third-party invoices were in Defendants' control. Plaintiff now seeks review of that order.

## II. Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. The applicable standard of review depends on whether the magistrate judge's order relates to a dispositive or nondispositive issue. A nondispositive decision is reviewed under a clearly-erroneous or contrary-to-law standard, and a dispositive order is reviewed de novo.[11] The parties do not dispute that Judge Severson's May 29 Order should be considered nondispositive under Rule 72.

---

[8] *See* Doc. 117-1, Eilrich Dep., 104:17–107:4.

[9] *Id.* at 76:17–77:1.

[10] *Id.* at 104:12–16.

[11] Fed. R. Civ. P. 72.

Under the more deferential standard that applies to this Court's review of a nondispositive order, the Court must affirm factual determinations "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[12] As to legal matters,

> the Court conducts an independent review and determines whether the magistrate judge['s] ruling is contrary to law. Under this standard, the Court conducts a plenary review and may set aside the magistrate judge['s] decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard.[13]

The party seeking modification of the magistrate judge's order bears the burden to show that the order is clearly erroneous or contrary to law.[14]

## III. Discussion

Plaintiff seeks review of Judge Severson's denial of its renewed motion for sanctions on two grounds: (1) Judge Severson's decision not to impose sanctions was clearly erroneous and contrary to law and (2) Judge Severson wrongly concluded that the missing invoices were not in Defendants' control. But the Court need not reach those issues because Judge Severson denied Plaintiff's motion for a more fundamental reason: Plaintiff did not demonstrate why it was entitled to "renew" its motion for sanctions in the first place.[15] The Court finds that Judge Severson's conclusion on that issue was neither clearly erroneous nor contrary to law. The Court therefore denies Plaintiff's motion for review.

---

[12] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1147–48 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[13] *Id.* at 1148 (citations omitted).

[14] *Heartland Surgical Specialty Hosp., LLC v. MidWest Division, Inc.*, No. 05-2164, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007) (placing burden on party seeking review).

[15] *See* Doc. 127 at 19.

Judge Severson concluded that Plaintiff had failed to show a reason to reconsider the issues already decided in her February 3 Order.[16]  That conclusion was not contrary to law.  She applied the correct legal standard and did not fail to apply an element of that standard.  First, she explained that under the law-of-the-case doctrine, once a court decides an issue, "it ordinarily should not be reexamined by the court."[17]  But, as Judge Severson implicitly recognized, that rule admits an exception when a party offers "substantially different, new evidence" that would have altered the court's decision.[18]  So Judge Severson, recognizing that exception, considered whether Plaintiff had adduced new evidence that would justify reconsidering—or "renewing" in Plaintiff's phrasing—the previous order denying sanctions.  Plaintiff's new evidence came from "information learned at the March 13, 2025, deposition" of Angie Eilrich.[19]  Judge Severson explained that Eilrich's deposition offered no information justifying reconsideration: "the fact remains that nothing she stated at that deposition constitutes 'new' evidence and/or evidence of which Plaintiff could (or should) not have been previously aware."[20]  Instead of pointing to new evidence that would alter Judge Severson's analysis, Plaintiff only "elaborate[ed] on facts and circumstances previously known to the parties and the Court."[21]  Judge Severson applied the correct legal standard, so her ruling was not contrary to law.

Even if Eilrich's testimony constituted new evidence warranting reconsideration of the sanctions motion, Judge Severson's Order did not err.  Plaintiff argues that it was clearly

---

[16] Doc. 96.

[17] Doc. 127 at 16 (quoting *Harris v. City Cycle Sales, Inc.*, 112 F.4th 1272, 1278 (10th Cir. 2024)); *see also* 18B *Wright & Miller's Federal Practice & Procedure* § 4478.1 (3d ed. 2019) ("A presumption against reconsideration makes sense.").

[18] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017).

[19] Doc. 127 at 13.

[20] *Id.* at 17.

[21] *Id.*

erroneous and contrary to law for Judge Severson to conclude that the invoices in the third-party vendors' possession were not in Defendants' control.  (And if they were, Defendants would have been under an obligation to produce them.)[22]  But that conclusion was not contrary to law. Plaintiff argued that so long as a party has "the legal right to obtain the documents on demand," it has control of the documents.[23]  And Judge Severson assumed *arguendo* the correctness of that position.  But she then concluded that Plaintiff, who bore the burden to show that Defendant controlled the invoices,[24] had not offered any evidence demonstrating that Defendants had a legal right to obtain the invoices from the third-party vendors on demand.[25]  All that Plaintiff offered was Eilrich's testimony that she could have called and requested them, but, as Judge Severson correctly noted, that "does not prove that the vendors would have been legally obligated to have provided them to her on demand."[26]  That conclusion was not clearly erroneous or contrary to law.

In her February 3 Order, Judge Severson declined to impose sanctions; instead, she reopened discovery for a limited purpose.  And in her May 29 Order, she concluded that Plaintiff had offered no new evidence that would justify revisiting that previous ruling.  Further, she determined that Plaintiff offered no evidence that Defendants controlled the third-party vendor's invoices.  Neither of those conclusions were clearly erroneous or contrary to law.

---

[22] Fed. R. Civ. P. 34(a).

[23] Doc. 117 at 2 (quoting *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007)). Plaintiff now says this so-called "legal right" standard was the wrong standard for Judge Severson to apply, despite its own citation of that standard in its brief.  *See* Doc. 117 at 2.  According to Plaintiff, Judge Severson should have applied the "practical ability" standard.  *See* Doc. 128 at 9.  To be sure, Plaintiff's brief cited cases that support both a "legal right" standard and a "practical ability" standard.  But Plaintiff has not shown it was clearly erroneous for Judge Severson to infer a "legal right" standard from those cases.

[24] *See Laber v. U.S. Dep't of Defense*, No. 18-1351, 2021 WL 4902251, at *13 (D. Kan. Oct. 21, 2021).

[25] Doc. 127 at 20–21.

[26] *Id.* at 21.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Review Magistrate Judge's Order Denying Renewed Motion for Sanctions (Doc. 128) is **denied**.

**IT IS SO ORDERED.**

Dated: July 17, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE